UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANE GUILLORY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  **4:12-cv-02730** |
| | ) | |
| vs. | ) | PLAINTIFF'S COMPLAINT |
| | ) | AND DEMAND FOR JURY TRIAL |
| NCO FINANCIAL SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

DIANE GUILLORY, ("Plaintiff"), through the undersigned counsel, DAVE LILLEY,

alleges the following against NCO FINANCIAL SYSTEMS, INC. , ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

U.S.C. 1692 et seq. (FDCPA).

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that

such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy."

3.    Defendant conducts business in the state of Texas, and therefore, personal

jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5.    Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in the City of Webster, Harris County, Texas.

7.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.      Defendant is a national company, with its corporate office located at: NCO Financial Systems, Inc., 507 Prudential Road, Horsham, PA 19044

10.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11.     Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for the alleged debt.

12.     Defendant calls Plaintiff seeking and demanding payment for the alleged debt.

13.     Defendant has caused Plaintiff personal phone and work phone to ring and has engaged Plaintiff and Plaintiff co-workers in telephone conversations repeatedly.

14.     Defendant did not send Plaintiff a validation letter.

15.     That Plaintiff's work supervisor communicated with the Defendant over the telephone and advised the Defendant to cease and desist contacting Plaintiff at place of employment.

16.     That Defendant continued to telephone Plaintiff at her place of employment, despite the request from Plaintiff's work supervisor to cease and desist calling Plaintiff's job.

2

17.     That due to the continuing telephone calls from Defendant to Plaintiff's workplace, the Plaintiff was written up by her Employer because of the continued telephone calls from Defendant.

18.     That the Defendant threatened the Plaintiff with a lawsuit and garnishment of her wages if she did not pay the debt.

19.     That the Plaintiff asserts that the debt in question has already been paid and does not owe the debt.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

20.     Defendant violated the FDCPA based on the following:

a.)     Defendant violated *§1692c(a)(3)* by repeatedly contacting Plaintiff at Plaintiff's place of employment even though Defendant knew that Plaintiff's employer prohibits the consumer from receiving such communications.

b.)     Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

c.)     Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

d.)     Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at such place and time known or which should have been known to be inconvenient to Plaintiff.

e.)     Defendant violated §1692b(3) of the FDCPA by contacting a

person other than Plaintiff more than once in communications with persons other than Plaintiff, more specifically, Plaintiff's work supervisor.

        f.)     Defendant violated 15 U.S.C. § 1692e(5); by threatening to take any action that cannot legally be taken or that is not intended to be taken.

        g.)     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt (e.g., collecting time barred debts, filing suit without legal authority.)

WHEREFORE, Plaintiff, DIANE GUILLORY, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC.,  for the following:

a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

b. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

c. Actual damages,

d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

e. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DIANE GUILLORY, demands a jury trial in this case.

[ELECTRONIC SIGNATURED AFFIXED ON NEXT PAGE]

4

This 12th day of September, 2012.

ALEX SIMANOVSKY & ASSOCIATES, LLC

*/s/ Dave Lilley*

Dave Lilley, Esq.
TX Bar No. 24035064
Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone:  1-866-865-3666, Ext. 1056
Fax:  877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone:  (770) 414-1002, Ext. 1012
Fax:  (770) 414-9891